Chief Justice Watkins delivered the opinion of the Court. This was a scire facias to revive a judgment in the Independence circuit court. The writ, issued to the county of Independence against Stone, recited a judgment obtained by the Bank against Terry and Stone jointly, and commanded the sheriff to summon Stone, to show cause why it should not be revived and •execution had against him, &c. Stone pleaded, in abatement of this writ, that the judgment had been rendered against him and Terry jointly. The plaintiff replied that she had caused a separate writ of sci. fa. to be issued to the county of White against Terry, which had been duly served and returned. The demurrer of Stone to this replication being sustained, and the Bank electing to stand upon it, final judgment went against her. The question here presented is merely one of practice, and would seem to be settled on principle by the decision of this court in Greer vs. The State Bank, (5 Eng. Rep. 456,) followed in Brown, Robb & Co., ib. 533. The only authority given by the statute for the issuance of separate writs, appears to be in the commencement of a suit by original process, (Dig., title Practice at Law, sec. 6;) where there are several defendants, and they reside in different counties. In such case, the suit may be brought in either of such counties, and a separate writ is issued to each county against such of the defendants as reside therein; and perhaps, upon a fair construction of the statute, the same right to issue separate writs might be extended (Ib. sec. 7) to actions deemed local at the common law, when the defendants resided in different counties. The case of Pike vs. Lytle, (1 Eng. Rep. 212,) was no doubt decided right, though not for the reason that a garnishment is a transitory action, within the meaning of section 7 referred to, but because the process of garnishment is regulated by special statute, which makes no provision for directing the writ out of the county in which the judgment was rendered, and although it is for some purposes a suit, it is not an original action, but only ancillary, and comes in aid of the execution of the original judgment; and because of the mischief which would grow out of a construction of the statute of garnishment, authorizing the plaintiif in the original judgment to run his writs of garnishment to every county in the State, and so draw to the forum to which they were returnable the jurisdiction of so many vexatious controversies. The statute (Dig., title Judgments and Decrees, sec. 9) authorizes the writ of scire facias to be directed to and served in any county in the State, but makes no provision for the issuance of separate writs. So far as the terretenants are to be affected by the revival and the continuance of the lien of the judgment, as the lien does not extend beyond the limits of the county, the fair intendment would be, that, if they are included in the process, they should be directed to the county in which the judgment was rendered. Our impression is, from the subsequent sections of the statute, that, although personal service of the scire facias may always be preferable, the statute does not contemplate it as indispensable, but no matter to what county the scire facias, is directed, a return of non est will authorize the service- of notice by order published for the length of time prescribed at the courthouse door of the county where the judgment was rendered. And so, the scire facias upon mechanics’ liens {Digest, title Mechanics)is regulated by special statute. Although there seems to be no- good reason upon policy why the statute should not authorize separate writs of scire facias, no provision is made for it, and the demurrer was properly sustained. The judgment will therefore be affirmed.